# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ADRIAN M. DUNN** | **CIVIL ACTION** |
| **versus** | **NO. 14-746** |
| **N. BURL CAIN, WARDEN** | **SECTION: "F" (3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Adrian M. Dunn, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On April 16, 2001, he pleaded guilty to second degree murder under Louisiana law and was sentenced to a term of life imprisonment without benefit of parole, probation, or suspension of sentence.[1]

---

[1] State Rec., Vol. II of II, transcript of April 16, 2001; State Rec., Vol. II of II, guilty plea form.

On or after February 27, 2003, petitioner filed an application for post-conviction relief with the state district court.[2]  That application was denied on October 23, 2003.[3]

On or after March 6, 2007, petitioner filed a "Motion to Quash" with the state district court.[4]  That motion was denied on March 13, 2007.[5]  His related writ applications were likewise denied by the Louisiana Fifth Circuit Court of Appeal on April 11, 2007,[6] and by the Louisiana Supreme Court on February 22, 2008.[7]

On or after November 3, 2008, petitioner filed a "Motion to Vacate Illegal Sentence and Quash Indictment" with the state district court.[8]  That motion was denied on November 20,

---

[2] State Rec., Vol. II of II.  Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  Because that date cannot be gleaned from the state court record with respect to the filings in this case, this Court will simply use the signature date of the applications as the filing date, in that the various applications were obviously placed in the mail no earlier than the date they were signed.  If no signature date appears on a document and no other evidence is available, the Court will look to the file-stamp placed on the document by the clerk of court.  While this is somewhat imprecise, approximate filing dates are sufficient here because petitioner's federal application is untimely by more than a decade.

[3] State Rec., Vol. II of II, Judgment dated October 23, 2003.

[4] State Rec., Vol. II of II.

[5] State Rec., Vol. II of II, Judgment dated March 13, 2007.

[6] State *ex rel.* Dunn v. State, No. 07-KH-246 (La. App. 5th Cir. Apr. 11, 2007); State Rec., Vol. II of II.

[7] State *ex rel.* Dunn v. State, 976 So.2d 1281 (La. 2008) (No. 2007-KH-1057); State Rec., Vol. II of II.  The Louisiana Supreme Court also denied petitioner's request for reconsideration of that ruling.  State *ex rel.* Dunn v. State, 978 So.2d 338 (La. 2008) (No. 2007-KH-1057).

[8] State Rec., Vol. II of II.

2008,[9] and his related writ applications were also denied by the Louisiana Fifth Circuit Court of Appeal on August 5, 2009,[10] and by the Louisiana Supreme Court on August 18, 2010.[11]

On or after March 13, 2013, petitioner filed another post-conviction application with the state district court.[12]  That application was denied on April 15, 2013.[13]  The Louisiana Fifth Circuit Court of Appeal refused to consider his first related writ application because it was improperly filed[14] and then, when he filed a new application to correct the initial defects, denied relief on June 26, 2013.[15]  The Louisiana Supreme Court likewise denied relief on February 14, 2014.[16]

On March 14, 2014, petitioner filed the instant federal application seeking *habeas corpus* relief.[17]  The state argues that the federal application is untimely.[18]  Petitioner has filed a

---

[9] State Rec., Vol. II of II, Judgment dated November 20, 2008.

[10] State *ex rel.* Dunn v. State, No. 09-WR-71 (La. App. 5th Cir. Aug. 5, 2009); State Rec., Vol. II of II.

[11] State *ex rel.* Dunn v. State, 42 So.3d 388 (La. 2010) (No. 2009-KH-2006); State Rec., Vol. II of II.

[12] State Rec., Vol. II of II.

[13] State Rec., Vol. II of II, Judgment dated April 15, 2013.

[14] Dunn v. Cain, No. 13-KH-399 (La. App. 5th Cir. May 28, 2013); State Rec., Vol. II of II.

[15] Dunn v. Cain, No. 13-KH-496 (La. App. 5th Cir. June 26, 2013); State Rec., Vol. II of II.

[16] State *ex rel.* Dunn v. State, 132 So.3d 409 (La. 2014) (No. 2013-KH-1779); State Rec., Vol. II of II.

[17] Rec. Doc. 3.  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  Petitioner has declared under penalty of perjury that his application was placed in the prison

reply to the state's response, arguing that his application is timely because he should be granted equitable tolling.[19]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment became "final."[20]  On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).  However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."  Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).

---

mail system on March 14, 2014.  Rec. Doc. 3, p. 33.  On March 27, 2014, petitioner then submitted another application which was consolidated with the first application and filed as a single document as Rec. Doc. 3.

[18]  Rec. Doc. 6.

[19]  Rec. Doc. 7.

[20]  Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

> Although federal, not state, law determines when a judgment
> is final for federal habeas purposes, a necessary part of the finality
> inquiry is determining whether the petitioner is still able to seek
> further direct review.  See Foreman, 383 F.3d at 338-39.  As a result,
> this court looks to state law in determining how long a prisoner has
> to file a direct appeal.  See Causey v. Cain, 450 F.3d 601, 606 (5th
> Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, petitioner pleaded guilty and was sentenced on April 16, 2001.  Because he did not file a direct appeal within the five days allowed by state law, his state criminal judgment became final no later than April 23, 2001.[21]  Accordingly, his period for filing a federal *habeas corpus* application commenced on that date and expired one year later on April 23, 2002, unless that deadline was extended through tolling.

The Court first considers statutory tolling.  Regarding the statute of limitations, the AEDPA expressly provides:   "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

---

[21]  See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal).  At the time of petitioner's conviction and sentence in 2001, La. Code Crim. P. arts. 13 and 914 provided that a defendant had five days, not including legal holidays and half-holidays, to notice his intent to appeal his conviction or sentence.  In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays.  La. Rev. Stat. Ann. § 1:55(A).  In 2001, April 21 was a Saturday and April 22 was a Sunday; therefore, the Court will not count those two days against petitioner when calculating the date his conviction became final.

- 5 -

However, petitioner had no such applications pending before the state courts during the applicable one-year period.[22]

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). Petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

---

[22] The only state application petitioner filed during that one-year period was a "Motion for Transcript of Boykin Examination, Verbatim Copy." State Rec., Vol. II of II. However, motions seeking transcripts or other documents are not considered "application[s] for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

The Court also notes that petitioner began seeking post-conviction relief in 2003. However, because all of those applications were filed after the expiration of the federal statute of limitations, they had no bearing on the timeliness of his federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler, 533 F.3d at 318.

In the instant case, petitioner argues that he is entitled to equitable tolling due to the fact that the state failed to appoint him an attorney to pursue post-conviction relief on his behalf, citing  Martinez v. Ryan, 132 S. Ct. 1309 (2012), and Trevino v. Thaler, 133 S. Ct. 1911 (2013). That argument has no merit for the following reasons.

First, it is clear that neither a petitioner's "*pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling." Madden v. Thaler, 521 Fed. App'x 316, 323 (5th Cir. 2013); accord Nelson v. Quarterman, 215 Fed. App'x 396, 398-99 (5th Cir. 2007) ("[A] defendant's pro se status will not excuse an untimely habeas petition."); Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000) ("[P]roceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim. ...  [M]ere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling or other exceptions to a law's requirements.")

Second, Martinez and Trevino do not hold otherwise.  Martinez and Trevino dealt with the procedural default doctrine,[23] not the timeliness of the federal filing.  In Martinez, the Supreme Court held: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review

---

[23]   Under the procedural default doctrine, "[a] claim that a state has withheld a federal right from a person in its custody may not be reviewed by a federal court if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision." Finley v. Johnson, 243 F.3d 215, 218 (5th Cir. 2001) (citations omitted).  In that instance, "federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice." Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999).

collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Martinez, 132 S.Ct. at 1320.  In Trevino, the Supreme Court held that the Martinez exception also applies when a "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." Trevino, 133 S.Ct. at 1921.  Because Martinez and Trevino concerned the procedural default doctrine, *not* equitable tolling of the AEDPA's statute of limitations, they are inapplicable here and do not excuse petitioner's failure to seek federal relief in a timely manner.  See, e.g., Henschen v. Secretary, Florida Department of Corrections, No. 3:12cv571, 2013 WL 6816093, at *5 (N.D. Fla. Dec. 24, 2013); Oxley v. Cain, Civ. Action No. 11-669, 2013 WL 5238297, at *2 (M.D. La. Sept. 17, 2013); Kuykendall v. Stephens, Civ. Action No. 13-CV-248, 2013 WL 3455724, at *3 (N.D. Tex. July 9, 2013).

Lastly, the Court also notes that the United States Supreme Court recently held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).  Here, however, petitioner does not argue that he is actually innocent of the crime of which he stands convicted, much less submit any evidence to make a colorable showing of such innocence.

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for *habeas corpus* relief had to be filed no later than April

23, 2002, in order to be timely.  His federal application was not filed until March 14, 2014, and, therefore, it is untimely.

## <u>RECOMMENDATION</u>

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Adrian M. Dunn be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[24]

New Orleans, Louisiana, this twenty-third day of June, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[24] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.